Steven G. Clark, #015672
STEVEN CLARK, P.C.
7220 N. 16th St., Suite J
Phoenix, Arizona  85020
Telephone: (602) 26-9552
Fax:  (602) 910-5586
ssevclark@aol.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## For the

## DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of:<br><br>COSME ALEMAN, a single man,<br><br>     Plaintiff,<br><br>v.<br><br>McKEOWN, INC., an Arizona Corporation, dba McKEOWN LANDSCAPE, BOYCE & ASSOCIATES, INC., an Arizona Corporation, JOYCE MILLLER and JOHN DOE MILLER, Husband and Wife, JOHN and JANE DOES 1-10; XYZ CORPORATIONS and/or PARTNERHSIPS and/or ENTITIES 1-10,<br><br>     Defendants. | **Civil Action No.** |

## COMPLAINT

COMES NOW Plaintiff COSME ALEMAN (hereinafter, "Aleman"), through undersigned counsel, and for his Complaint against Defendants, McKEOWN, INC. dba McKEOWN LANDSCAPE (hereinafter "McKeown"), BOYCE & ASSOCIATES, INC. (hereinafter, "Boyce") and JOYCE MILLER (hereinafter, "Miller"), and all DOES, CORPORATIONS and/or PARTNERSHIPS and/or ENITITES (herein collectively "Defendants"), does hereby allege as follows:

1

## **PARTIES, VENUE AND JURISDICTION**

1. Plaintiff is a resident of Maricopa County, Arizona, and has been at all times relevant herein.

2. Defendant Miller, upon information and belief, was a resident and/or conducted business and acted as an agent for McKeown in, Maricopa County, Arizona, at all times relevant herein.

3. Defendant McKeown was operating a corporation doing business in Maricopa County, Arizona, at all times relevant herein.

4. Defendant Boyce, at all times relevant hereto, was operating as a corporation doing business in Maricopa County, Arizona.

5. At all times relevant to this cause of action, upon information and belief, Defendants were acting on behalf of their community, as applicable.

6. The fictitiously designated Defendants have been so designated as parties to this Complaint, as Alemon is currently unaware of their true identities.  Once the true identities of any one or more of the fictitiously named Defendants becomes known, Alemon will request leave of the Court to, and/or otherwise, amend this Complaint to reflect the true name or names of these individuals/entities.

7. The amount in controversy exceeds this Court's minimum jurisdictional requirement.

8. This Court has jurisdiction over this matter on the basis that the contracts, documents and plans germane to this matter as well as the actions taken and complained of herein occurred in Maricopa County, Arizona.

9. Venue is proper in this Court and Plaintiff has authority to bring this claim and enforce his rights pursuant to §502(a)(1)(B), and §1132(a)(1)(B).  Plaintiff may bring this claim individually pursuant to §502(a)(3).

## GENERAL ALLEGATIONS

10. Aleman herein incorporates by this reference all the previous allegations as though fully set forth herein.

11. Aleman was employed with McKeown from roughly January, 1988 to the date of termination in December, 2006.

12. Upon termination, in or around December, 2006, Aleman requested that he receive the value of his vested Employee Stock Option Plan ("ESOP") at that time.

13. On multiple occasions Aleman attempted to telephonically contact MeKeown and its' representative, Miller, to obtain his rightful distribution.

14. In or around November, 2007, Aleman received a notification from Boyce (the Plan Administrator for the ESOP on behalf of McKeown). Said notification, among other things, provided for Aleman to make an election for distribution from the ESOP.

15. On or about November 9, 2007, Aleman forwarded his election to receive a "lump sum payment" as evidenced by the Participant Distribution Election (hereinafter, "Election") (See Exhibit "1" attached hereto and incorporated by this reference).

16. The proposed distribution in an amount of $65,514.46 was slated for December 17, 2007, as evidenced by the Election.

17. Aleman received nothing in December, 2007. He continued to contact McKeown telephonically about the status of his distribution, but for quite some time (until 2011) he did not hear back from McKeown, Boyce or Miller.

18. In the interim (January, 2008 to March, 2011), Aleman was involved in a serious accident which left him hospitalized and treated for brain trauma for months and which he still, to this day, suffers from said injuries sustained from that accident. This accident and subsequent sustained injury and treatment precluded Aleman from pursuing the matter in question further, until he had time to recover.

19. On or about March 17, 2011, McKeown (through its' agent, Miller) sent Aleman correspondence stating that, among other things, that, "due to Federal Regulations" the plan had to be restated and a Summary Plan Description ("SPD") was provided in the correspondence.

20. Aleman responded on or about March 21, 2011, in writing this time, to McKeown's March 17, 2011 correspondence referenced above. Aleman's correspondence stated that there was not a complete copy of the SPD dated November, 2009. Aleman requested a copy of the 2009 SPD, as well as the November, 2006 SPD. Aleman also referenced the November 9, 2007 Election and requested a signed copy of that as well.

21. On or about April 1, 2011, McKeown (through its' agent, Miller) replied to Aleman's March 21, 2011 letter and sent a copy of the Election from 2007, and the two SPDs from 2006 and 2009. McKeown also stated that the aforementioned documents were provided to them by Boyce.

22. On or about May 2, 2011, Aleman received correspondence from Boyce & Associates, Inc., who were the actuaries hired by McKeown regarding the ESOP. Said letter stated that Aleman was eligible for a distribution and apparently included a "Special Tax Notice" document as well as a new Election for Aleman to complete. The letter also stated that if Aleman failed to make a timely election the funds would be rolled over into an IRA with PenChecks, Inc.

23. On or about May 5, 2011, Aleman sent a letter to McKeown acknowledging receipt of the April 1, 2011 letter from McKeown and the attachments it represented. Further, Aleman stated in said letter that he was making a formal demand for the lump sum payment outlined in the Election of November, 2007 and that if not received by May 20, 2011, Aleman would take further legal action.

24. Aleman never received any further response and he now proceeds by way of this Complaint.

### COUNT I: BREACH OF CONTRACT

25. Aleman herein incorporates by this reference all the previous allegations as though fully set forth herein.

26. For valid consideration, offer and acceptance, in return for his labor, Aleman was promised and given in writing by say of the SPD, an ESOP through his employment with McKeown.

4

27. Under the expressed written terms of the Agreement, McKeown (and Boyce by way of being the Plan Administrator for the ESOP on behalf of McKeown) had a duty to abide by the terms and conditions of the same.

28. McKeown and Boyce failed to honor said duty in that they did not distribute and continue to not distribute to Aleman pursuant to the terms of the Agreement.

29. McKeown's and Boyce's failure to honor the terms of the Agreement owed to Aleman was and is a substantial and material breach of the Agreement.

30. Aleman has been damaged as a direct and proximate result of The Defendants' breach of their duty in an amount to be determined at trial, but no less than $65,000.00.

31. This is an action which arises out of contract and as a result, Aleman is entitled to recover his reasonable attorney's fees and costs.

### COUNT II:  BREACH OF GOOD FAITH AND FAIR DEALING

32. Aleman herein incorporates by this reference all the previous allegations as though fully set forth herein.

33. Defendants, and all of them, acted in such a manner which has effectively precluded Aleman from receiving the benefits due him from the ESOP distribution.

34. Defendants did not act in good faith nor did they fairly deal with the Aleman.

35. Aleman was damaged as a direct and proximate result of the Defendants' actions.

36. This is an action which arises out of contract and as a result, Aleman is entitled to recover his reasonable attorney's fees and costs pursuant to ERISA §502, 29 U.S.C. §1132

### COUNT III:  BREACH OF FIDUCIARY DUTY

37. Aleman herein incorporates by this reference all the previous allegations as though fully set forth herein.

38. Under the expressed and implied agreements and discussions between the Plaintiff and Defendants, including the Defendants holding the ESOP assets for Aleman, Defendants, and all of them, owed a fiduciary duty to Aleman.

39. Defendants failed to honor said fiduciary duty as outlined in ERISA §3(21), ERISA §404, and §502(a)(2).

40. Defendants failure to honor their duties owed to Aleman were a substantial and material breach of their fiduciary duty.

41. Aleman has been damaged as a direct and proximate result of Defendants' breaches of their fiduciary duties in an amount to be determined at trial.

**WHEREFORE**, Aleman respectfully requests that this Court grant the following relief against the Defendants:

A. Judgment in favor of Aleman and against Defendants awarding damages in such amount as may be proven at trial, together with applicable pre- and post- judgment interest at the highest legal rate until paid;

B. Judgment in favor of Aleman awarding to Aleman his costs and reasonable attorney's fees incurred herein as set forth above;

C. For punitive damages in such amount as may be appropriate to punish; and

D. For such other and further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED** this 27 day of August, 2013.

STEVEN CLARK, P.C.

_____
STEVEN G. CLARK, P.C.
**ATTORNEY FOR PLAINTIFF**
7220 N. 16th St., Ste. J
Phoenix, Arizona 85020

## **VERIFICATION**

STATE OF ARIZONA    )
                    ) ss.
County of Maricopa  )

I, COSME ALEMAN, being of lawful age and being first duly sworn upon my oath, deposes and states; that I am the Plaintiff in the foregoing cause of action; that I have read the foregoing Complaint; and that the facts contained therein are true and correct according to the best of my knowledge, information and belief.

_____
COSME ALEMAN Jr.

SUBSCRIBED AND SWORN to before me this 26th day of August, 2013, by COSME ALEMAN.


MOLLY REUBEN
Notary Public - Arizona
Maricopa County
Expires 05/31/2017

_____
Notary Public

_____
My commission expires

MOLLY REUBEN
Notary Public - Arizona
Maricopa County
Expires 08/31/2017